# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

      **Plaintiff,**

  v.                             *Case No. 22-CV-290*

JOSH BLIELER, BRIAN FOSTER,
DEVONA GRUBER, JAMES MUENCHOW,
and JEREMY WESTRA,

      **Defendants.**

## ORDER SCREENING THE COMPLAINT

On March 7, 2022, plaintiff Ramon Alvarado Jr., who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Alvarado also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.). On March 28, 2022, Alvarado filed an amended complaint. (ECF No. 6.) Because the defendants have not yet answered, the court will accept and screen his amended complaint. (*See* Fed. R. Civ. P. 15(a)). In addition to screening the amended complaint, this order will also resolve Alvarado's motion for leave to proceed without prepayment of the filing fee.

The court has jurisdiction to resolve Alvarado's motions and to screen the second amended complaint in light of Alvarado's consent to the full jurisdiction of a

magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED
## WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 7, 2022, Alvarado filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 8, 2022, the court ordered Alvarado to pay an initial partial filing fee of $1.43 by April 7, 2022. (ECF No. 5.) Alvarado paid that fee on April 6, 2022. The court will grant Alvarado's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his amended complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a

2

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

3

The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Alvarado's Allegations*

Alvarado alleges that on October 24, 2018, defendant Dr. Devona Gruber fabricated a conduct report in retaliation against him. (ECF No. 6 at 2.) On October 26, 2018, defendant Jeremy Westra violated his due process rights by denying Alvarado the ability to present evidence at his disciplinary hearing. (*Id.*) On November 8, 2018, Westra and defendant Josh Blieler violated Alvarado's due process rights by falsely claiming that Alvarado refused to attend his disciplinary hearing, and they issued a disposition giving Alvarado 150 days in segregation. (*Id.*) Alvarado appealed the disposition on January 9, 2019, using the inmate complaint review system, but he states that Waupun staff threw away the inmate complaint. (*Id.* at 3.) He then appealed again later in January, and defendant James Muenchow rejected his inmate complaint. (*Id.*) While in segregation, he states that he was denied recreation time and use of the phone. (*Id.*)

*Analysis*

Alvarado claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitations, so federal courts borrow the limitations period and tolling rules applicable to personal-injury claims under state law. *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) (citing *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)). In Wisconsin, "the applicable residual statute for §

4

1983 claims is Wis. Stat. § 893.53." *D'aquisto v. Love,* No. 20-c-1034, 2020 WL 5982895 at *1, (E.D. Wis. Oct. 8, 2020). During the relevant time period, Wis. Stat. § 893.53 provided for a three-year statute of limitation period. A § 1983 claim accrues on "the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006).

Though the statute of limitations is normally asserted by defendants as an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson,* 288 F.3d 1005, 1009-10 (7th Cir. 2002). Alvarado filed his lawsuit on March 28, 2022. His claims occurred between October 24, 2018, and the end of January 2019. Thus, the latest he could have filed his suit was January 31, 2022. While an exhaustion requirement may toll the statute of limitations, by Alvarado's own allegations, he had exhausted his administrative remedies in January 2019. Additionally, while Alvarado suggests that his conditions of confinement while in segregation may have been unconstitutional, he does not sufficiently allege enough detail for such a claim to survive screening. He fails to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Alvarado is a seasoned litigator with over 30 previous cases before this court. He has already amended his

5

complaint once. Affording him an opportunity to amend a second time would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021).

**THEREFORE, IT IS ORDERED** that Alvarado's first motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Alvarado shall collect from his institution trust account the $348.57 balance of the filing fee by collecting monthly payments from Alvarado's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Alvarado is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Alvarado is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

6

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.


Dated at Milwaukee, Wisconsin this 23rd day of June, 2022.


BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

7