# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAMON ALVARADO, JR.,**

    Plaintiff,

 v.                                  Case No. 22-CV-290

**JOSH BLIELER, BRIAN FOSTER,
DEVONA GRUBER, JAMES MUENCHOW,
and JEREMY WESTRA,**

    Defendants.

## ORDER SCREENING THE SECOND AMENDED COMPLAINT

On March 7, 2022, plaintiff Ramon Alvarado Jr., who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On March 28, 2022, Alvarado filed an amended complaint. (ECF No. 6.) On June 23, 2022, the court screened the amended complaint and dismissed it because Alvarado's allegations appeared barred by the statute of limitations. (ECF No. 9.) On July 21, 2021, Alvarado filed a motion to amend/correct the judgment, demonstrating that his allegations were not barred by the statute of limitations. (ECF No. 11). On September 20, 2022, the court granted his motion to amend/correct the judgment and vacated its June 23, 2022, screening order dismissing the amended complaint. (ECF No. 13.) The court also gave Alvarado

until October 10, 2022, to file a second amended complaint. On October 3, 2022, Alvarado filed a second amended complaint. (ECF No. 14.) This order screens the second amended complaint.

The court has jurisdiction to screen the second amended complaint in light of Alvarado's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## SCREENING THE SECOND AMENDED COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his amended complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a

claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Alvarado's Allegations*

Alvarado alleges that on October 24, 2018, defendant Dr. Devona Gruber fabricated a conduct report in retaliation against him. (ECF No. 14 at 3.) On October 26, 2018, defendant Jeremy Westra violated his due process rights by denying Alvarado the ability to present evidence at his disciplinary hearing. (*Id.*) On November 8, 2018, Westra and defendant Josh Blieler violated Alvarado's due

3

process rights by falsely claiming that Alvarado refused to attend his disciplinary hearing, denying him the right to attend the disciplinary hearing, and issuing him a disposition giving him 150 days in segregation. (*Id.* at 4.) While in segregation, Alvarado alleges that he was denied meals, recreation, and use of the phone. (*Id.* at 5.) Alvarado appealed the disposition using the inmate complaint review system, and defendants Warden Brian Foster James Muenchow denied his appeal. (*Id.*)

*Analysis*

Alvarado claims that the defendants violated his Fourteenth Amendment due process rights by fabricating a conduct report, denying him the opportunity to present evidence, and denying him the opportunity to attend his disciplinary hearing. Regarding Dr. Gruber's issuance of a false conduct report, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) (citations omitted). In other words, if a plaintiff received proper procedural due process, he cannot bring a substantive due process claim against a prison official for allegedly falsified information. *Id.* However, Alvarado alleges that the procedural due process he received for the falsified conduct report was faulty, so he may proceed on a substantive due process claim against Dr. Gruber.

He may also proceed on a due process claim against Westra and Blieler. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state

4

has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)). Placement in segregation may create a liberty interest "if the length of segregated confinement is substantial and the record reveals the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). Alvarado alleges he spent at least 150 days in segregation and that he was denied meals, recreation time, and use of the phone. He sufficiently alleges that he has a liberty interest. He also alleges that the procedures were deficient because he was denied the ability to present evidence in his defense or attend the hearing on his conduct report.

However, Alvarado may not proceed on a claim against Foster or Muenchow. At most, he alleges that they erroneously denied his appeal. Prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Foster and Muenchow are dismissed.

**THEREFORE, IT IS ORDERED** that that defendants Brian Foster and James Muenchow are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on

5

Case 2:22-cv-00290-NJ   Filed 10/18/22   Page 5 of 7   Document 15

defendants Dr. Devona Gruber, Jeremy Westra, and Josh Blieler. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Alvarado is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Alvarado is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Alvarado failure to keep the

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Alvarado may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 18th day of October, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge